FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 28 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GREAT NECK SAW MANUFACTURES, INC.,  MEMORANDUM
                                     AND
              Plaintiff,             ORDER
                                     06-CV-6070 (TCP)

       -against-

COSTCO WHOLESALE CORPORATION, et al.,

              Defendants.
-----------------------------------------------------------X

PLATT, District Judge.

Before the Court is plaintiff's motion seeking leave to file a Second Revised Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

For the following reasons, plaintiff's motion is **GRANTED**.

Plaintiff commenced the instant case for patent infringement by the filing of a Complaint with the Clerk of the Court on November 13, 2006. On January 5, 2007, defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., filed their Answer to plaintiff's Complaint. Also on that day, defendant Lanza Products, Inc. filed its Answer as well as a Counterclaim against plaintiff. On or about July 19, 2007, plaintiff moved this Court to amend its complaint, which motion was terminated by the Court on July 24, 2007. Plaintiff then filed an amended motion on July 24, 2007 for leave to file a Revised Amended Complaint, which plaintiff withdrew on August 6, 2007.

Plaintiff now seeks leave to file a Second Revised Amended Complaint

with additional causes of action including a patent infringement claim based on its recently issued patent and unfair competition claims based on defendants' purported copying of plaintiff's trade dress for its product, a utility knife. Additionally, plaintiff seeks to add Danny Chan, CEO of defendant Lanza Products, Inc., as a co-defendant.

In support of its current motion to file an amended complaint, plaintiff contends that claims sought to be added are related to the instant case and, thus, their addition will not cause undue delay or prejudice given that discovery has not been completed in this matter. With regard to the addition of Mr. Chan, plaintiff states that Mr. Chan has been aware of this litigation since its inception and that the necessity of adding Mr. Chan as a co-defendant became apparent after he was deposed by plaintiff's attorney.

Defendants oppose plaintiff's motion to file a Second Revised Amended Complaint and contend that the claims which plaintiff seeks to add sound in fraud and are required to be pled with particularity pursuant to Federal Rule of Civil Procedure 9 (b). Defendants further assert that plaintiff's new claims are pled improperly pursuant to Federal Rule of Civil Procedure 8 because they do not contain accompanying statements of law and fact. Finally, defendants state that plaintiff has failed to include evidence in support of its additional claims for trade dress infringement in the amended complaint and that plaintiff's new claims and addition of a co-defendant significantly expand the scope of the instant litigation.

Federal Rule of Civil Procedure 15 (a) provides in pertinent part:

> **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Rule 15 (a)'s decree that "leave to amend shall be freely given when justice so requires" is a "mandate . . . to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962).

Federal Rule of Civil Procedure 8 (a) provides in pertinent part:

> **Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

A complaint in an action for patent infringement must set forth the "existence of all the essential elements of the cause of action" and must allege:

- facts showing that the trial court has jurisdiction
- that the plaintiff has title to the patent
- that the plaintiff or the one under whom he or she claims is the original and first inventor whose rights were infringed by the defendant
- the claims of the patent which have been infringed
- that the notice of infringement was given to the infringing party

60 AM. JUR. 2D *Patents* § 875 (2007).[1]

Furthermore, in Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.,

---

1. Contrary to defendants' assertion that plaintiff's new claims sound in fraud and must be pled with particularity, the case law cited by defendant in support of this proposition, i.e., Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996) and Volunteer Fireman's Ins. Services, Inc. v. McNeil and Co., Inc., 221 F.R.D. 388, 393 (W.D.N.Y. 2004), applies to false advertising claims under the Lanham Act and, as such, are inapposite to the instant case which concerns, *inter alia*, trade dress infringement.

203 F.3d 790, 794 (Fed. Cir. 2000), the Federal Circuit held that a "patentee need only plead facts sufficient to place the alleged infringer on notice."

In the instant case, plaintiff's Second Revised Amended Complaint sets forth facts alleging this Court's jurisdiction; that the plaintiff has title to the patent; that the plaintiff is the original and first inventor whose rights were infringed by the defendants; the claims of the patents which have been infringed and that notice was given to the infringing party. Moreover, in its trade dress infringement claims, plaintiff alleges that trade dress sought to be protected is "not functional" as required by 15 U.S.C. § 1125 (a)(3).

Accordingly and in the interests of judicial economy, plaintiff's motion to file a Second Revised Amended Complaint is **GRANTED**.

SO ORDERED.

Thomas C. Platt U.S.D.J.

Dated: November 28, 2007
Central Islip, New York